United States District Court
For The District of Rhode Island

John Baffoni
v.
John Lisi

3CA-2020-07466

Defendant's Notice of Removal to Federal Court

This Notice of Removal is filed by Defendant John Lisi because the resulting judgment of case 3CA-2020-7466 is entirely predicated upon the State district Court's incorrect refusal to apply the Protecting Tenants from Foreclosure Act to Defendant's Tenancy. This point can be deduced from the fact any judgment at all was awarded on September 21, 2021. Prior to Plaintiff Baffoni buying the house at 73 Service Rd West Warwick RI, and prior to the foreclosure date of June 14, 2019... Defendant already had a very specific rental agreement entered into with Plaintiff's predecessor in ownership, one Nicholas Burke. So the judgment rendered is void - another grounds for vacating. (Nicholas Burke is likewise a Party because of this prior rental agreement I am referencing here, in case # 22-262, please see "Related Case" section at the bottom of the civil cover sheet. Rule 60(b) 4 the judgment of 3CA-2020-7466 is void.

Also, on January 7, 2021 Judge Melissa Dubose ruled that "... this court does not have jurisdiction and this case must be Removed." I will include the official transcript which I purchased from the Kent District Court, if your Federal Court Clerk allows me to include it.

On the followed up hearing of September 21, 2021 Judge Dubose made multiple errors. Madam Justice did not adjudicate the case, and did not fill out the check marks. She did not fill out the

judgment paperwork and distinguish "Use and occupancy" as opposed to "Possession".

As she stated on January 7, 2021, "to prevail with your counter-claims would exceed the jurisdictional limit of this court ($10,000) and plus there is an over riding Federal question of the PTFA, Protecting Tenants after Foreclosure Act." Nevertheless, at the beginning of the hearing on September 21, 2021, she said, "OK, let's try the case." That's a 180° inconsistency of, very specifically, not hearing the case in the District Court. FRCP Rule 60(b)1 is Vacating and relief from judgment based on Mistake.

While litigating parties may waive personal jurisdiction, they cannot waive subject matter jurisdiction. The state district power had the power to hear case 7466, certainly not the power to render a judgment, and more certainly it does not have the power to enter a judgment with the plaintiff's fraudulent (or even a misrepresentative) back rent bill which he submitted to the court for damages.

Furthermore, the 3CA-2020-7466 judgment is void on grounds of Constitutional 5th Amendment Due Process because when subsequently proceeding to hear the matter, the court acted inconsistently with its own previous ruling — a further reason to be void.

Rule 60(b)3 warrants the vacating from judgment based on Plaintiff John Gaffoni submitting a "back rent bill" where I am supposedly obligated to pay him $3000 per month. But as this Federal court has authorized in my in forma pauperis authorization, I do not even take in $1000 per month in income. Blatant fraud.

I previously entered into evidence, with the court's approval, where the Plaintiff Baffoni is recorded as stating, "If they look into this nothing is going to jive." Meaning all his inconsistencies with the court records. Mr. Baffoni even states that "We both know there was never any rental agreement between us." See attached Point Relied, "60,000 grant fraudulently funded by SS*".

Due to the utterly disrespectful and unbridled fraud submitted to the court by Plaintiff Baffoni, Defendant welcomes this Federal Court's equitable discretion since Rule 60 does not in any way prohibit this Court from entertaining an independent action to relieve Defendant from judgment.

I hope I have explained. I am not a practicing attorney, so I deeply appreciate this Court's patience with my matter, by discussing how, not just one or two, but all (6) six reasons justifying the vacating of 3CA-2020-7466 has been demonstrated here.

John Lisi pro se
John A. Lisi    August 3, 2022