UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN BAFFONI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-292-JJM |
| | : | |
| JOHN LISI, | : | |
|     Defendant. | : | |

**MEMORANDUM AND ORDER OF REMAND**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This eviction action was removed from the state's Third Division District Court to this Court by Defendant, then acting *pro se*, to litigate counterclaims that asserted an array of state law claims and purported to assert one claim arising under federal law. Mindful of the Court's ongoing duty to inquire whether it has subject matter jurisdiction, One & Ken Valley Hous. Grp. v. Maine State Hous. Auth., 716 F.3d 218, 224 (1st Cir. 2013), which I raised with Defendant during the Rule 16 conference, I issued a Show Cause Order (ECF No. 8), the response to which has now been referred to me for determination.[1] In reliance on Defendant's response to the Show Cause Order (ECF No. 12) prepared with the assistance of counsel, and for the reasons that follow, the Court orders that this case shall promptly be remanded back to the Third Division District Court because this Court lacks subject matter jurisdiction and the action was not removable pursuant to 28 U.S.C. § 1441.

**I.**  **Background**

---

[1] Consistent with this referral and with my conclusion that the case must be remanded, I am addressing it as a nondispositive matter, mindful that, "[i]n this Circuit, all district court rulings that a motion to remand is nondispositive have remained undisturbed by the First Circuit." Deaton v. Johnson, C.A. No. 20-78WES, 2020 WL 4673834, at *2 n.6 (D.R.I. Aug. 12, 2020) (quoting Pagidas v. Buster, C.A. No. 16-390S, 2016 WL 11545018, at *1 n.1 (D.R.I. Nov. 16, 2016)).

This case was filed in the Rhode Island Third Division District Court as an eviction action by a Rhode Island resident, Plaintiff John Baffoni, on October 20, 2020.  ECF No. 3-3 at 93 (Civil Action 3CA-2020-07466).  The state court docket confirms that both Plaintiff and Defendant reside in Rhode Island.  ECF No. 3-1 at 4.  With the assistance of an attorney, Defendant John Lisi filed his amended answer and counterclaims in state court on January 5, 2021.  ECF No. 3-3 at 65-71.  In his counterclaims, Defendant sued Plaintiff under state law for battery, assault, intentional/negligent infliction of emotional distress and conversion in Counts I-V and for violating a federal statute, the "Protecting Tenants at Foreclosure Act"[2] ("PTFA") in Count VI.[3]  Id. at 67, 70-71.

Following a state court trial, judgment for $36,000 and possession in favor of Plaintiff and against Defendant entered on September 21, 2021.  ECF No. 3-2 at 26.  After his unsuccessful appeal to the Rhode Island Superior Court, Defendant moved *pro se* in the Third Division District Court to vacate that court's judgment.  Id. at 11-12, 27.  That court held a hearing and issued an Order that evinces skepticism that such a motion might succeed but allowed Defendant additional time to get an attorney to assist him.  ECF No. 3-1 at 41-42.  A second hearing was held in the Third Division District Court on August 9, 2022.  Id. at 7.  Seemingly before the Third Division District Court could issue its decision on Defendant's post-

---

[2] Defendant's counterclaim erroneously named PTFA as the "Foreclosure Tenant Protection Act." ECF No. 3-3 at 70.  This is clarified in the Show Cause response (ECF No. 12 at 3), which makes clear that Defendant was invoking the "Protecting Tenants at Foreclosure Act."  Pub. L. No. 111-22, sec. 702(a) (codified at 12 U.S.C. § 5220 note), amended by Pub. L. 111-203, Title XIV, § 1484 (July 21, 2010) (clarifying date of notice of foreclosure and extending sunset provision in section 704), and amended by Pub. L. 115-174, Title III, § 304(a), (b) (May 24, 2018) (repealing sunset provision and restoring and reviving sections 701-703).

[3] After filing the counterclaim in the Third Division District Court, the state court record reveals that Defendant filed a case in the Superior Court asserting the same claims. ECF No. 3-1 at 16 (referencing Lisi v. Baffoni, KC-2022-0052).  As amended on April 8, 2022, this state court complaint also asserts claims against Plaintiff for civil and criminal trespass, fraud/fraud in the inducement, and identity theft.  It remains pending in Superior Court.

trial motion for reconsideration, on the same day – August 9, 2022 – Defendant filed a Notice of Removal of the entire state court case to this Court, with the PTFA counterclaim as the basis for federal subject matter jurisdiction. ECF Nos. 1; 3-1 at 7-8.

This is not the first time Defendant has sought to evade state court proceedings regarding the same subject matter by removing the state court case with federal subject matter jurisdiction purportedly based on the pendency of a PTFA counterclaim. On July 12, 2022, Defendant removed essentially identical claims to this Court – Baffoni v. Lisi, 22-cv-261JJM – after the state court had entered judgment against him. Nor is it the first time he has asserted substantially the same claims in federal court with subject matter jurisdiction purportedly based on a PTFA claim. On the same day that he filed the Notice of Removal in 22-cv-261JJM, Defendant also filed a new action in this Court – Lisi v. Burke, 22-cv-262JJM – asserting virtually identical claims to those alleged in his counterclaim in the instant case. On September 19, 2022, the Court dismissed/remanded both of these cases. Specifically, in the removed action, the Court granted Plaintiff's motion to dismiss the PTFA claim for failing to state a claim and remanded all remaining claims for lack of subject matter jurisdiction, 22-cv-261JJM, Text Order (D.R.I. Sept. 19, 2022), while in the other case, the Court dismissed the PTFA count as failing to state a claim and dismissed the remaining counts for lack of subject matter jurisdiction, 22-cv-262JJM, Text Order (D.R.I. Sept. 19, 2022). Defendant removed the instant case one month after the Court disposed of these two cases.

The District Court assigned to me the task of conducting the Rule 16 conference in this case. At the conference held on January 11, 2023, Plaintiff did not appear,[4] and Defendant

---

[4] It is unclear whether or how Defendant served the Notice of Removal in this case on Plaintiff. The Notice of Removal has no certificate of service. ECF No. 1. Plaintiff has not appeared, and mail sent to him by the Court has been returned as undeliverable. ECF No. 10. It appears likely that Plaintiff is unaware of the proceedings in this

3

appeared with an attorney who advised that he would enter an appearance (and subsequently has done so). In light of the history recited above, I did not enter a scheduling order but instead ordered Defendant to show cause why this case should not be remanded to the Rhode Island Third Division District Court and/or dismissed with or without prejudice. Defendant was specifically ordered to address why the removal was proper and why this Court has subject matter jurisdiction. ECF No. 8. After several extensions, Defendant's Show Cause response was filed on March 8, 2023. ECF No. 12.

**II.    Law and Analysis**

Since the Supreme Court's seminal decision in Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., based on the "longstanding well-pleaded complaint rule," it has been well settled that, other than in patent cases, a counterclaim arising under federal law cannot confer federal question subject matter jurisdiction over a case that was not established by the complaint. 535 U.S. 826, 831-32 (2002). Based on this principle, the content of a counterclaim cannot render a state case over which the federal court lacked original jurisdiction removable under 28 U.S.C. § 1441. That is, a defendant can remove a plaintiff's suit from state court only if the plaintiff pleads a claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("longstanding well-pleaded complaint rule" allows removal based on federal question only if "the plaintiff's statement of his own cause of action shows that it is based upon [federal law]") (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152, (1908)) (alteration in original); see R.I. Fishermen's Alliance, Inc. v. R.I. Dep't of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009) ("[A] plaintiff's

---

Court. The Court addresses this potentially serious deficiency *infra* in footnote 8, which orders Defendant to take steps to give notice to Plaintiff of what has happened with this case during this federal-court sojourn.

4

well-pleaded complaint must exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed."). Thus, aside from the glaring deficiencies in Defendant's purported reliance on PFTA as the foundation for this Court's federal question subject matter jurisdiction,[5] the more fundamental problem with Defendant's removal is that the touchstone of removability based on § 1331 subject matter jurisdiction is not Defendant's counterclaim – it is Plaintiff's complaint.

Properly focusing on Plaintiff's state court complaint for eviction, I find that this Court lacks original federal question jurisdiction over this case. Plaintiff's pleading states no claim arising under federal law, nor has Defendant's Show Cause response argued that any of Plaintiff's claims are based on federal law. Rafter v. Stevenson, 680 F. Supp. 2d 275, 278-79 (D. Me. 2010) (removal based on federal question permitted only if "the plaintiff's statement of his own cause of action shows that it is based upon [federal law]") (quoting Vaden, 556 U.S. at 60). Nor is this case removable based on diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) – this case is a dispute between two individuals who are both residents and, therefore, citizens of Rhode Island for purposes of diversity.[6] Defendant's Show Cause response does not

---

[5] As Defendant concedes in his Show Cause response, ECF No. 12 at 4, his PTFA counterclaim fails to state a federal law claim because it is well settled that PTFA lacks a federal private right of action. See, e.g., Christian v. Warwick Realty, LLC, No. CA 14-152 S, 2014 WL 2434626, at *4 (D.R.I. May 29, 2014) (PTFA lacks private right of action). Further, as this Court reasoned in both Baffoni, 22-cv-261JJM, and Lisi, 22-cv-262JJM, Defendant's PTFA claim also fails because it lacks facts sufficient plausibly to state a violation of PTFA. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). If this Court had jurisdiction to address it, I would recommend that the PTFA counterclaim be dismissed not only for failure to state a claim but also as frivolous and harassing.

[6] "For purposes of diversity, a person is a citizen of the state in which he is domiciled." Aponte-Dávila v. Mun. of Caguas, 828 F.3d 40, 46 (1st Cir. 2016) (citation omitted). While domicile is not always coterminous with residency, in this case, Defendant's pleadings reflect Rhode Island residency for both litigants and Defendant has not argued that either he or Plaintiff are domiciled elsewhere. Further, neither in this case nor in either of the two predecessor cases has Defendant asserted that there is diversity of citizenship. Mindful that the Show Cause Order specifically instructed Defendant to address the issue of subject matter jurisdiction and he did not do so, the Court

argue otherwise.[7]  Because the Court lacks original jurisdiction over this civil action, it is not removable pursuant to 28 U.S.C. § 1441(a) and the case must be remanded.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis supplied).

A coda: I note that Defendant's pattern of conduct – evading an adverse ruling in a state court case by purporting to remove it to federal court based on PTFA – is troubling.  The legal principles on which this case turns are established and clear.  Moreover, this is the second time Defendant has used the same tactic so he cannot use his on-again-off-again *pro se* status as a shield.  Based on this pattern, I find that Defendant lacked an "objectively reasonable basis" for removing this case to federal court and that an award of reasonable attorney fees and costs pursuant to 28 U.S.C. § 1447(c) may be warranted if Plaintiff has incurred any despite his failure to appear in this case.  Rafter, 680 F. Supp. 2d at 281.  Finally, with no subject matter jurisdiction, this Court need not – indeed cannot – address Defendant's harassing and abusive conduct in asserting the PTFA claim for the third time as the basis for federal subject matter jurisdiction.  Nevertheless, Defendant should be cautioned that if he persists in this conduct he could be sanctioned.

### III. Conclusion

Based on the foregoing, this case is hereby remanded to the state court – Rhode Island's Third Division District Court – because this Court lacks subject matter jurisdiction and because

---

assumes that the residency of both Plaintiff and Defendant in Rhode Island means that both are citizens of Rhode Island.

[7] If Defendant had purported to rely on diversity of citizenship, the removal is also improper because Defendant himself is a citizen of Rhode Island, 28 U.S.C. § 1441(b)(2), and the removal was untimely, 28 U.S.C. § 1446(b)(1).

the action was not removable.[8]  Pursuant to 28 U.S.C. § 1447(c), the Clerk is directed to send a copy of this Memorandum and Order to the clerk of that court, which may thereupon proceed with this case.  The Court further orders that Plaintiff may seek an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) to the extent that he has incurred any specifically caused by the improper removal of this case; if he has, his application for an award of such fees is due within fourteen days of the entry of this Memorandum and Order.  Finally, I hereby caution Defendant that further filings in this Court that are frivolous and/or for the purpose of harassment could result in the imposition of sanctions.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 22, 2023

---

[8] Because the Court does not have a valid address for Plaintiff, to avoid a miscarriage of justice, I hereby order Defendant to take such steps as are objectively sufficient to give Plaintiff actual notice of the remand and a copy of this memorandum and order of remand.